**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FRANCISCO JAVIER ARREOLA-CERVANTES, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-76967 <br><br> Agency No. A077-789-004 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2009[**]
San Francisco, California

Before:  O'SCANNLAIN, RAWLINSON and BEA, Circuit Judges.

Petitioner Francisco Javier Arreola-Cervantes, a native and citizen of

Mexico, appeals an order by the Board of Immigration Appeals dismissing his

appeal from an Immigration Judge's ("IJ") order finding him inadmissible because

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

he had falsely stated he was a United States citizen while attempting to enter this country. We deny the petition.

Petitioner admitted—first to a border patrol agent, then to the IJ—that he falsely represented himself to be a U.S. citizen to gain entry into the United States. This meant that Petitioner was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii).

Petitioner argues that the IJ erred in denying his motion to exclude the testimony of the border patrol agent. We disagree. The exclusionary rule applies in civil immigration proceedings only when the Fourth Amendment violation is "egregious." *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1448-49 (9th Cir. 1994); *see INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984). Even assuming Petitioner's Fourth Amendment rights were violated, the violation was not "egregious." The agent testified that, while at the El Paso airport, Petitioner appeared nervous, avoided eye contact, and attempted to evade security. There is no indication that, in stopping Petitioner, the agent acted in bad faith or deliberately violated Petitioner's rights. *See Gonzalez-Rivera*, 22 F.3d at 1449. Because no "egregious" Fourth Amendment violation occurred, the IJ properly denied Petitioner's motion to exclude the testimony of the border patrol agent.

Petitioner also argues that the Immigration and Nationality Act ("INA") violates equal protection because the INA does not permit the Attorney General to

waive false representation of citizenship as a ground of inadmissibility.[1]  He notes

that the INA authorizes the Attorney General to waive other grounds of

inadmissibility, such as inadmissibility because of prior criminal convictions.  *See*

INA § 212(h), 8 U.S.C. § 1182(h).  In Petitioner's view, "this yawning variance

between waivers for hardened criminals and this petitioner violates [the

constitutional guarantee of equal protection]."

"Federal classifications distinguishing among groups of aliens are . . . valid

unless 'wholly irrational.'"  *Sudomir v. McMahon*, 767 F.2d 1456, 1464 (9th Cir.

1985) (quoting *Mathews v. Diaz*, 426 U.S. 67, 83 (1981)).  Here, the INA's

treatment of false representation of citizenship as a non-waivable ground of

inadmissibility is not "wholly irrational."  Congress has an obvious interest in

deterring people who are entering the country from lying about their citizenship.

*See Reid v. INS*, 420 U.S. 619, 624 (1975).  We therefore reject Petitioner's equal

protection argument.

**PETITION DENIED.**

---

[1]  In his brief, Petitioner claims that the INA violates the Equal Protection
Clause, which applies only against the States.  Giving Petitioner the benefit of the
doubt, we treat his argument as one alleging a violation of the equal protection
component of the Due Process Clause of the Fifth Amendment, which applies
against the federal government.